IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES WILLIS                    **Plaintiff**

v.                                        Cause No:  2:22-cv-48-TBM-RPM

WALTHALL COUNTY, MISSISSIPPI;
VERNON ALFORD, officially and individually; and
JOHN DOES 1-10                    **Defendants**

## COMPLAINT
## JURY TRIAL DEMANDED

Plaintiff files this Complaint seeking declaratory, injunctive and monetary relief against Defendants for civil rights violations of the due process clause of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution brought pursuant to 42 U.S.C. § 1983 and other state law actions. In support of this Complaint, Plaintiff alleges as follows:

## PARTIES

1. WALTHALL COUNTY is government entity organized under the laws of the State of Mississippi who may be served with process through its chancery clerk at 200 Ball Avenue, Tylertown, Mississippi 39667.

2. VERNON ALFORD is sued both in his official capacity as circuit clerk of Walthall County and individually. Alford may be served with process at 200 Ball Avenue, Tylertown, Mississippi 39667.

3. JOHN DOES 1-10 are persons and entities who are responsible for the improper actions against Plaintiff, including but not limited to the civil rights violations or who are later identified as necessary parties. Upon investigation and discovery Plaintiff anticipates

1

that other government officials will be named as Defendants as communications and testimony is collected. Upon information and belief JOHN DOES may be persons who have conspired together to deprive the Plaintiff of his Constitutional rights.

## JURISDICTION AND VENUE

4. This case arises in part under the Fifth and Fourteenth Amendments to the United States Constitution, brought pursuant to the procedural vehicle of 42 U.S.C. §1983 and accordingly, this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court is an appropriate venue for this cause of action pursuant to 28 U.S. C. § 1391. Certain of the predicate acts giving rise to the claims herein occurred in part within this district.

## STATEMENT OF FACTS

6. Plaintiff received bad legal advice, entered a plea of guilty and agreed to pay a substantial fine plus fees and costs to the Defendants totaling in excess of $339,668.50.

7. On or about August 16, 2021 the plea was vacated by the Circuit Court of Walthall County.

8. On August 25, 2021 Mr. Willis's attorney sent a demand to Walthall County requesting that the fines and costs paid to Walthall County be returned immediately to Mr. Willis.

9. Walthall County ignored the request and counsel for Mr. Willis was forced to send subsequent demands and request for the immediate return of Mr. Willis's money being wrongfully held by the Defendants.

10. The Circuit clerk has refused and ignored the request from Mr. Willis' attorney.

11. Befuddled, Mr. Willis' attorney contacted the state auditor's office to request information about the return of Mr. Willis's money.

12. Mr. Willis's attorney then passed along the information from the auditor to the Defendants, who still ignored the demands for the return of Mr. Willis's property.

13. Mr. Willis's attorney informed the Defendants that the funds were needed to ensure that Mr. Willis was able to afford a good and proper defense.

14. The moment the guilty plea was vacated, the fines and costs paid by Mr. Willis immediately became the property again of Mr. Willis, yet the Defendants continue to hold the funds/property of Mr. Willis without lawful authority.

15. Walthall County, acting through its Circuit Clerk, Chancey Clerk, Board of Supervisors, and potentially other unknown conspirators have deprived the Plaintiff of his property without due process.

16. These funds should be returned to Mr. Willis immediately and without delay. Mr. Willis should be entitled to interest for each day that the Defendants have refused to return Mr. Willis's property.

### COUNT I IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Seizure

17. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

18. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiff's right to be free from an unlawful seizure of his property.

19. Defendants had an affirmative duty to prevent such intrusions.

20. Plaintiff has an established constitutional right to be free from an unlawful seizure.

21. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

22. Further, all Defendants had a duty to intervene and prevent the unlawful violations of Plaintiff's rights. No Defendant intervened or attempted to prevent the unlawful acts complained of herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT II IN VIOLATION OF 42 U.S.C. 1983
### 5th Amendment

23. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

24. The Defendants hold and refuse to return property of the Plaintiff.

25. The Defendants have no lawful authority upon which to rely in refusing to return the Plaintiff's property.

26. The Defendants have taken Plaintiff's property and refuse to return the property.

27. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights under the 5th Amendment.

28. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the 5th Amendment, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Due Process

29. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

30. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights to due process, both procedural and substantive.

31. No reasonable officer or person in Defendants' position, with the information each had in his or her possession would find their actions to be constitutional.

32. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

In support of these claims, Plaintiff will rely in part on the following exhibits:

A – Cash Deposit

B – Receipt

C – Disbursement Receipt

D – Order Vacating Plea

E – August 25, 2021 Demand

F – October 15, 2021 Demand

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands trial by jury and requests the following relief:

A.  Award Plaintiff monetary relief in an amount to be determined but in excess of the minimum jurisdictional limits of this Court.

B.  Award Plaintiff costs and other reasonable expenses incurred in maintaining this action, including reasonable attorney's fees as authorized by law and 42 U. S.C

5

§1988.

C.      Grant such further and additional relief as the Court may deem just, proper, and equitable.

D.      Award Plaintiff damages for actual, compensatory, pecuniary, non-pecuniary, and punitive damages against the Defendants named herein.

E.      Award Plaintiff injunctive relief and ordering the Defendants to immediately return Plaintiff's property as complained of herein.

This the 14 day of April 2022.

                                              **CHARLES WILLIS**
                                              **Plaintiff**

                                              Daniel M. Waide, Esq.

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net